**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAE L. RICHARDSON, | No.  16-15989 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01882-SRB |
| v. | |
| JENNY R. YANG, Chair of the United States Equal Employment Opportunity Commission, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted 8/30/2018**

Before:     FARRIS, D.W. NELSON, and TROTT, Circuit Judges.

Jae L. Richardson appeals pro se from the district court's summary judgment

in her employment action alleging violations of Title VII.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Vasquez v. County of Los Angeles*,

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Richardson's
motion for oral argument is denied.

349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Richardson's discrimination claim because Richardson failed to raise a genuine dispute of material fact as to whether she was performing according to defendant's legitimate expectations, whether similarly situated individuals were treated more favorably, and whether defendant's legitimate, nondiscriminatory reasons for her demotion and denial of promotion were pretextual. *See id*. at 640 & n.5 (setting forth elements of a prima facie case of discrimination under Title VII and the burden-shifting framework). Contrary to Richardson's contentions, the district court did not err in considering *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217 (9th Cir. 1998), a sex discrimination case, because the burden-shifting framework discussed by the court in *Godwin* applies in cases of race discrimination. *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 554 (9th Cir. 2011) (citing *Godwin* while reviewing allegation of race discrimination).

The district court properly granted summary judgment on Richardson's hostile work environment claim because Richardson failed to raise a genuine dispute of material fact as to whether she was subjected to sufficiently severe or pervasive conduct. *See Vasquez*, 349 F.3d at 642 (setting forth elements of a prima

2                                                                                    16-15989

facie case of hostile work environment under Title VII and explaining that in determining whether conduct violates Title VII, courts look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Richardson's retaliation claim because Richardson failed to raise a genuine dispute of material fact as to whether there was a causal relationship between her engagement in a protected activity and a materially adverse employment action. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (setting forth elements of a prima face case of retaliation under Title VII and explaining that the plaintiff must show protected conduct was a "but-for cause" of the adverse employment action).

The district court properly concluded that Richardson failed to exhaust those claims that she failed to raise in her grievances with the Equal Employment Opportunity Commission. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 638-39 (9th Cir. 2002).

The district court did not abuse its discretion by considering evidence that defendant received third party complaints regarding Richardson. *See Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983) (holding that complaints are not hearsay when offered to show employer's receipt of complaints and "non-discriminatory intent in its employment practices").

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or issues or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Nor do we consider evidence that was not presented to the district court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

**AFFIRMED.**

16-15989